OPINION OF THE COURT
Sylvia Hinds-Radix, J.
In this foreclosure case, defendant Radislav Kats (defendant) moves to dismiss plaintiff Meyerson Capital X LLC’s action against him.
On or about March 14, 2005, defendant entered into a contract with defendant Sandra Wilde for the purchase of certain real property located at 2995 Ocean Parkway, Brooklyn, New York. Under the terms of the agreement, which is entitled “Residential Contract of Sale,” defendant agreed to pay Ms. Wilde $1,715,000 for the subject property. On or about August 19, 2005, in order to finance the payment, defendant executed an adjustable rate note and a mortgage on the property to Greenpoint Mortgage Funding, Inc. On or about March 1, 2011, Greenpoint assigned all of its rights, title and interests in the note and mortgage to Sell Suds LLC. On March 7, 2011, Sell Suds assigned its rights, title, and interest in the note and mortgage to plaintiff. By summons and complaint dated April 15, 2011, plaintiff commenced the instant foreclosure action against defendant. According to the complaint, defendant ceased making mortgage payments in May 2010 and a principal bal *1019 anee of $979,552.27 remains outstanding. The complaint further alleges that the mortgage being foreclosed is a commercial mortgage secured by a mixed-use property, and therefore, RPAPL 1304 is inapplicable.
Defendant now moves to dismiss the complaint. In so moving, defendant contends that plaintiff failed to comply with RPAPL 1304, which requires that a lender give at least 90 days’ notice prior to commencing an action against a borrower when the underlying loan constitutes a “home loan” as defined in the statute. In this regard, defendant contends that the complaint erroneously alleges that the notice requirements of RPAPL 1304 do not apply inasmuch as the contract of sale for the premises is entitled “Residential Contract of Sale.” Under the circumstances, defendant maintains that the complaint must be dismissed.
In further support of his motion, defendant maintains that plaintiff failed to comply with the notice requirements set forth in the Federal Truth in Lending Act (TILA). Specifically, defendant notes that under 15 USC § 1641 (g) (1), a buyer or assignee must notify the borrower within 30 days from the date a mortgage loan is sold or assigned to a new owner. Here, plaintiff failed to provide such notice. Consequently, defendant argues that the action must be dismissed.
Finally, defendant argues that the complaint must be dismissed inasmuch as plaintiff has failed to provide any explanation as to why it would buy a nonperforming loan. In this regard, defendant notes that according to the complaint, he stopped making payments on the mortgage in May of 2010. However, defendant purchased the loan from Sell Suds nearly one year later, in March of 2011.
In opposition to defendant’s motion, plaintiff initially notes that defendant’s motion is supported solely by an affirmation by an attorney who lacks firsthand knowledge of the underlying facts in the case. Under the circumstances, plaintiff maintains that the motion is legally deficient and must be denied. In any event, plaintiff argues that there is no merit to the motion. In particular, with respect to defendant’s argument that plaintiff failed to comply with the notice requirements of RPAPL 1304, plaintiff contends that this provision is inapplicable in this case inasmuch as the underlying loan did not qualify as a “home loan” as defined in the statute. In support of this contention, plaintiff submits copies of various loan documents which were executed by defendant when applying for the mortgage loan with Greenpoint. Specifically, plaintiff submits a loan applica *1020 tion receipt confirmation, a loan commitment letter, and a “True NoDoc Application (Commercial),” all of which indicate that the loan was for business or commercial purposes and not for personal, family, or household purposes. In addition, plaintiff submits a copy of a rent roll which was prepared, executed, and delivered by defendant to Greenpoint at the origination of the loan in order to induce Greenpoint to make said loan. This rent roll indicates that the mortgaged premises was leased to two commercial tenants and two residential tenants.
With respect to defendant’s contention that plaintiff failed to comply with TILA’s notice requirements when it purchased the mortgage from Sell Suds, plaintiff points to the fact that TILA does not apply to credit transactions involving extensions of credit primarily for business, commercial, or agricultural purposes. Thus, given the aforementioned evidence indicating that the loan was made to defendant in order to purchase a mixed-use property for business/commercial purposes, plaintiff maintains that TILA is inapplicable in this case.
Finally, plaintiff maintains that the fact that the note and mortgage were assigned to it after defendant defaulted on the loan does not serve as a basis for dismissing the complaint. In this regard, plaintiff notes that there is no statute or case law which imposes a duty upon a plaintiff/lender to plead in the complaint an explanation as to why it was assigned a nonperforming loan.
RPAPL 1304 requires that a lender give certain specified notice to a borrower at least 90 days before commencing a foreclosure action when the underlying loan is a “home loan.”* Under RPAPL 1304 (5) (a) (ii) and (iii), *1021 In cases involving such home loans, a lender’s failure to provide the required notice under RPAPL 1304 will result in the dismissal of the foreclosure action (.Aurora Loan Servs., LLC v Weisblum, 85 AD3d 95, 98 [2011]).
*1020 “ ‘[h]ome loan’ means a loan ... in which: . . .
“the debt is incurred by the borrower primarily for personal, family, or household purposes [and] . . .
“[t]he loan is secured by a mortgage ... on real estate improved by a one to four family dwelling . . . used or occupied, or intended to be used or occupied wholly or partly, as the home or residence of one or more persons and which is or will be occupied by the borrower as the borrower’s principal dwelling.”
*1021 Here, the complaint alleges that the property being foreclosed is not a “home loan” for purposes of RPAPL 1304 and is otherwise exempt from the requirements of the statute. Accordingly, in moving to dismiss the complaint for failure to comply with the RPAPL 1304’s notice requirements, defendant has the prima facie burden of submitting admissible evidence demonstrating that the underlying loan is in fact a “home loan” for purposes of RPAPL 1304. Defendant has failed to meet this burden. In this regard, defendant has not submitted an affidavit by himself or any other party with firsthand knowledge of the matter stating that the debt was incurred primarily for personal, family, or household purposes, or that defendant intended to occupy the premises on the property as his principal dwelling. Rather, defendant relies exclusively upon the fact that the contract of sale between himself and the seller is entitled “Residential Contract of Sale.” This is insufficient to demonstrate that the underlying loan was a home loan for purposes of RPAPL 1304.
In any event, even if the court were swayed by that argument, the plaintiff has submitted loan documents executed by defendant which specifically state that the loan was for business or commercial purposes and not for personal, family, consumer or household purposes. Further, the underlying mortgage provides for the appointment of a rent receiver and defendant provided Greenpoint with a rent roll at the origination of the loan, both of which are indicative of a commercial mortgage.
Defendant’s argument that the complaint should be dismissed based upon plaintiffs failure to comply with TILA’s notice requirement is also without merit. “TILA applies only to consumer credit transactions and, therefore, does not apply to credit extended for business, commercial, or agricultural purposes” (Mauro v Countrywide Home Loans, Inc., 727 F Supp 2d 145, 153 [ED NY 2010] [internal quotation marks omitted]). Here, defendant has failed to demonstrate that the underlying loan constituted a consumer credit transaction and, as previously set forth, .the documentation submitted by plaintiff indicates that the loan was for commercial purposes.
Finally, there is no merit to defendant’s argument that the complaint must be dismissed because plaintiff failed to *1022 provide a good faith explanation as to why it bought a nonperforming loan. There is no statutory or appellate court authority which requires that a plaintiff in a foreclosure action provide such an explanation. Consequently, plaintiff’s failure to affirmatively plead such an explanation may not serve as a basis for dismissing its complaint.
In summary, defendant’s motion to dismiss the complaint is denied.

 Prior to January 14, 2010, RPAPL 1304 only applied to high-cost home loans, subprime home loans, and nontraditional home loans. However, the Legislature amended the statute to broaden its application to all “home loans” as defined in the statute.